UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Shahidah Rahman,**<br><br>Plaintiff,<br><br>v.<br><br>**United States America, Golden Krust Cashier, Mv Transportation Driver, Trascare Ny Driver, Mcdonals Cashier, Marsemellow Company, Pop Displays/Pride Transportation, Golden Krust Cashier, Founaint House/Jewish Board Family Services, Burger King Cashier, Psch Driver Inventory, Nypd/Mta/Lgbtq Community, Media 7542 Bet, Disney, Nyu Hospital/Mount Sinai Hospital, Metropoltian Hospital/Kings County, Bellue Hospital/Brooklyn Hospital, Cheescake Factory Cashier Takeout, Ashley Stewart Cashier, Psch Direct Care Counselor Dec,** and **Parks Department Work Parks Cleaning,**<br><br>Defendants. | No. 1:23-cv-01825-NRM-CLP<br><br>**Memorandum and Order** |

**NINA R. MORRISON**, United States District Judge:

    Plaintiff Shahidah Rahman filed this pro se complaint on March 7, 2023, then filed an Amended Complaint on March 10, 2023, and a letter dated March 20, 2023. ECF No. 1, No. 1-1, No. 4. By Memorandum and Order entered March 29, 2023, the Court granted Plaintiff's application to proceed in forma pauperis and dismissed the case, with leave to file an

- 1 -

additional amended complaint by April 28, 2023. ECF No. 6. Plaintiff has now filed two additional Amended Complaints, ECF No. 7, No. 14, and nine additional letters, ECF No. 5, No. 8, No. 9, No. 10, No. 11, No. 12, No. 13, No. 15, No. 16. As the new submissions fail to cure the deficiencies of the original complaint, the action is hereby dismissed.

The first Amended Complaint and the March 20, 2023, letter alleged that multiple defendants had surveilled and assaulted Plaintiff and failed to protect and properly care for her son, but they did not identify specific allegations against each defendant or provide a specific basis for jurisdiction. Accordingly, the Court's March 29, 2023, Order dismissed the action for lack of subject matter jurisdiction and for failure to state a claim. The Court gave Plaintiff 30 days to submit an amended complaint that provided clear and specific claims that the Court could consider.

The Court is still unable to identify clear and plausible allegations from Plaintiff's subsequent filings. Each is hand-written and contains a disjointed series of statements that make it difficult to discern which statements are meant to go together or what relief Plaintiff is seeking from the Court through her legal filings. The Court reads the Amended Complaint as asserting that Plaintiff has been subjected to acts of violence, surveillance, and mistreatment by various government officials. However, as with earlier filings, she has not provided specific details that would allow the defendants or the court to understand what allegedly transpired or the nature of the legal claims she is trying to make. The fourth and final Amended Complaint repeats Plaintiff's earlier claims: that her son was stabbed fifteen years ago (in 2008) by unnamed NYPD officers; that Plaintiff was raped by multiple individuals, including police officers from the 77th Precinct; that Plaintiff was subjected to an unspecified "test"; that unidentified individuals were pressuring Plaintiff about her religion or sexual orientation; that the government owes Plaintiff money; that Plaintiff has been separated from her children and wants them back; and that Plaintiff has been subjected to widespread surveillance by unidentified entities. The most specific claim is that "NYPD stabbed my son May 28 2008 Ishmeil Hall is my son he was 14 years old" [sic]. ECF No. 14 at 5. In other submissions, Plaintiff states that

he was stabbed "by det daz det nate."[1] ECF No. 11 at 1.

Plaintiff's letters also include statements about religious, racial, socio-economic and political differences; politicians, celebrities, and individuals involved in highly publicized incidents; mental illness and treatment; and Plaintiff's housing, past employment, relationship with her husband and dating history. The letters do not provide specific details or allege that any of the named defendants are responsible.

The additional submissions fail to cure the deficiencies in the first Amended Complaint. Plaintiff's allegations are not pleaded clearly and specifically against the named defendants and do not appear to have any basis in a question of federal law. Accordingly, the action is hereby dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to enter judgment and close this case and mail a copy of this Order and the Judgment to Plaintiff.

---

[1] Plaintiff has not named "det daz" or "det nate" as defendants, and the statute of limitations on a civil rights claim brought in federal courts in New York State is three years. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989) (federal courts deciding claims under Section 1983 should "borrow" the State statute of limitations for personal injury actions); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (the statute of limitations for 42 U.S.C. § 1983 actions in New York State is three years, citing N.Y. C.P.L.R. § 214(5) (McKinney's 1990)).

SO ORDERED.

                                                 */s/ NRM*
                                                 NINA R. MORRISON
                                                 United States District Judge

Dated:    May 1, 2023
             Brooklyn, New York